**REN ZHI YONG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 05–2317–ag.

United States Court of Appeals, Second Circuit.

June 23, 2006.

Dehai Zhang, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney; Michael Sady, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Ren Zhi Yong ("Ren"), through counsel, petitions for review of the April 2005 order affirming Immigration Judge ("IJ") Sarah M. Burr's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). But "we will *vacate* BIA conclusions ... that a perfectly reasonable fact-finder could have settled upon, insofar as the BIA either has not applied the law correctly or has not supported its findings with record evidence." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir.2003).

■ Substantial evidence does not support the BIA's adverse credibility determination, which rested solely on Ren's omission of the beating from his I–589 form. The small space on the asylum application form "would hardly indicate to an applicant that the failure to include every detail regarding the basis for asylum could later lead to an adverse credibility finding when the applicant elaborates on them in the course of a deportation hearing." *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). Likewise, "asylum applicants are not required to list every incident of persecution on their I–589 statements." *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006). Moreover, Ren did aver to the beating in a supplemental affidavit.

Additionally, the record does not support the BIA's and IJ's determination that Ren failed to establish that his persecution claim was based on a statutory ground for asylum and withholding of removal. The BIA asserted that the Chinese authorities sought to prosecute Ren for his violation of Chinese laws, and he was neither a practitioner of Falun Gong nor perceived as one by the authorities. However, the questions the authorities asked Ren, such as when he joined a Falun Gong organization, clearly indicated that they believed he was a Falun Gong practitioner. Further, Ren testified that when he denied having ever joined any Falun Gong organizations the authorities did not believe him. Ren has therefore presented evidence to establish that the Chinese authorities imputed an anti-government political opinion to him, given that the Chinese government has banned the Falun Gong movement. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005); *see also In re S–P–*, 21 I. & N. Dec. 486, 489, 1996 WL 422990 (BIA 1996) (stressing that a person who is erroneously believed to hold a particular political opinion can satisfy the "refugee" definition, although it may be "impossible" to prove the exact reason for persecution). Because the agency failed to address this evidence and because the adverse credibility finding is unsupported by substantial evidence, the case must be remanded.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).